Reversed and Remanded and Majority and Concurring Opinions filed January
20, 2009








Reversed and
Remanded and Majority and
Concurring Opinions filed January 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00539-CV

____________

 

AUTONATION DIRECT.COM, INC. D/B/A
AUTO ADVERTISING SERVICES, Appellant

 

V.

 

THOMAS A. MOOREHEAD, INC. D/B/A BMW
OF STERLING,
Appellee

 



 

On Appeal from the County
Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 828,414

 



 

C O N C U R R I N G   O P I N I O N

Under the parties= agreement, the
substantive law of Virginia governs their contract; however, Texas procedural
law applies.  Under Texas summary-judgment procedure, the trial court=s ruling is
entitled to no deference; rather, this court conducts a de novo review and
determines the issue as a matter of law.  








Our task in this case is to determine if the parties= agreement
violates a Virginia statute, section 46.2-1537 of the Virginia Code,
prohibiting certain solicitation and compensation in connection with the sale
of motor vehicles. The trial court held the Advertising Agreement illegal under
this statute and refused to enforce it.  No Virginia court has addressed the
issue, and it appears to be a question of first impression. 

The Advertising Agreement between appellant AutoNation
Direct.Com, Inc. (AAutoNation@) and appellee BMW
of Sterling (the ABMW Dealership@) essentially
calls for AutoNation to provide advertising services to the BMW Dealership in
consideration for fees. The contract provides for two forms of compensation: an
$850 flat monthly fee for used-car referrals and a sliding scale referral fee
(according to the number of sales leads provided) for new car referrals. 
Neither of the provisions give the BMW Dealership a financial interest in the
sale of any motor vehicle.  For this reason, neither provision violates section
46.2-1537.   

Pointing to the plain language of section 46.2-1537, the
BMW Dealership argues the Virginia statute prohibits the type of compensation
structure prescribed by the Advertising Agreement. The majority concludes that A[c]onstruing the
statute as suggested by appellant would prohibit all motor vehicle advertising
in Virginia.@[1]  Nothing in the
statute suggests the Virginia legislature intended to prohibit  motor vehicle
dealerships from advertising their products or from compensating advertisers
for services rendered. What the Virginia legislature sought to prohibit was the
compensation by dealers and licensed salespersons of any non-licensed Apecuniarily
interested person@ in sales transactions.  








AutoNation is not a Apecuniarily
interested person@ within the meaning of the statute because
AutoNation=s compensation is not dependent on the sale of any
motor vehicle.  Under the parties= contract,
AutoNation earns its fee for the referral of leads.  AutoNation provides the
names of potential buyers, and this service is complete at the point of
referral. AutoNation is entitled to payment whether or not those leads ripen
into sales.  Likewise, if a solicitation for the sale of a motor vehicle comes
to fruition as a result of an AutoNation referral, AutoNation is entitled to no
payment, commission, or other compensation as a result of that sale.  As such,
AutoNation has no pecuniary interest in any sales transaction that might flow
from its referrals.  Because AutoNation=s compensation is
not dependent upon or otherwise tied to any sale of a motor vehicle, the BMW
Dealership=s payment for referrals is not Ain connection with
the sale of a motor vehicle@ within the meaning of the statute. 

Section 46.2-1537=s language is
unambiguous and broad.  The Virginia legislature intended to cast a wide net by
enacting a sweeping prohibition against dealers and salespersons= solicitation Adirectly or
indirectly@ of  motor vehicle sales through pecuniarily
interested persons, forbidding payment Ain any form
whatsoever . . . in connection with the sale@  to any
unlicensed persons not employed by the dealer.  See Va. Code Ann. ' 46.2-1537 (West
2008).  The structure and language of the parties= contract strongly
suggests the parties were aware of the prohibition in section 46.2-1537 and
that they crafted their agreement to avoid a statutory violation by ensuring
that AutoNation=s compensation was not tied, directly or
indirectly, to the outcome of any transaction so that AutoNation would not be a
Apecuniarily
interested person@ under the statute.         

The majority holds that the statute prohibits compensation
to an unlicensed person Awhen that person participates in the sale
of a motor vehicle.@[2]  The legality of
the transaction does not turn on participation in the sale.  The key inquiry is
not participation but the payee=s status as a Apecuniarily
interested person.@  For this reason, the focus should be on
whether the recipient of the payment had a financial interest in the outcome of
the sale transaction.  In this case, AutoNation would not gain one iota from
the BMW Dealership=s sale of any motor vehicle. Though
clearly a participant in the advertising of motor vehicles offered for sale by
the BMW Dealership, AutoNation had no financial stake in the outcome of any
sale. 








While no violation exists under the fact pattern presented
in this appeal, it is not because it would be absurd to construe the statute as
barring referrals; rather, it is because the BMW Dealership is not engaging in
the prohibited activity of compensating a pecuniarily interested person who is
not licensed. Under the fact pattern in this case, because AutoNation=s compensation is
not dependent on the success or failure of its referrals or the ultimate sale
of any vehicle, the BMW Dealership=s obligation to
pay for advertising services under the parties= agreement does
not fall within the scope of the statutory prohibition.  With no outcome-based
component to the agreement, AutoNation cannot possibly have a pecuniary
interest in any sales transaction that comes from its referrals. For this
reason, the BMW Dealership did not establish, as a matter of law, that its
contract with AutoNation violates the Virginia statute. Therefore, summary
judgment was improper.

 

 

 

/s/      Kem Thompson Frost

Justice

 

Panel consists of Justices Anderson
and Frost and Senior Justice Hudson.* 
(Anderson, J., majority).









[1]  See ante at p. 6.





[2]  See ante at p. 6. 





*  Senior Justice J. Harvey Hudson sitting by
assignment.